Mr. Lee Douglass, Commissioner Arkansas Insurance Department 400 University Tower Building 1123 South University Avenue Little Rock, AR 72204
Dear Mr. Douglass:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. 25-19-101 et seq. You state that you have received an FOIA request for examination and copying of the following records in your possession:
 ` . . . [T]he names, addresses and expiration dates of all of the companies who are in the Arkansas Assigned Risk Pool for purposes of workers' compensation insurance.'
You have questioned whether you can release this information in light of the exemption under A.C.A. 25-19-105(b)(9)(A) (Supp. 1993), which applies to "[f]iles which, if disclosed, would give advantage to competitors or bidders." You state that the documents requested come within the ambit of this provision. According to your correspondence, the documents in question contain the insurance expiration dates of all the employers within the Arkansas Workers' Compensation Insurance Plan, including the expiration dates of non-workers' compensation insurance. You state that this is a very valuable marketing piece of information.
It is my opinion that A.C.A. 25-19-105(b)(9)(A) in all likelihood applies in this instance to prevent disclosure of the requested documents. This office has previously followed the federal test in construing this exemption. See Ops. Att'y Gen. 93-254, 92-220, 92-150, 91-390, and 87-194. The federal courts, in determining whether "commercial or financial information" is "confidential" and thus exempt under the federal FOIA (5 U.S.C. § 552(b)(4)), have required that release of the information would be likely to have either of the following effects: (1) impair the government's ability to obtain necessary information in the future or (2) cause substantial harm to the competitive position of the person from whom the information was obtained. National Parks 
Conservation Ass'n v. Morton, 615 F.2d 527 (D.C. Cir. 1979). Application of this analysis under the Arkansas FOIA is, I believe, warranted in light of the Arkansas Supreme Court's general holding that exemptions from disclosure under the FOIA are to be narrowly construed. See, e.g., Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992).[1]
The competitive advantage exemption must, of course, be considered on a case-by-case basis, and the burden rests on the one claiming the exemption. Id. With regard to the documents in question, however, I believe that an Arkansas court would in all likelihood conclude that the burden of proving substantial competitive harm can be met with respect to these customer lists so as to preclude their disclosure. See generally Op. Att'y Gen.88-065 (concluding that an Arkansas court, consistent with federal case law, would probably find a customer list to be exempt under the FOIA).
Although the term "customer list" is not defined, it may reasonably be concluded that the records sought in this instance in fact constitute such a list, where the documents contain specific information, including names and addresses, premiums, and expirations dates of employers receiving coverage in the Arkansas Workers' Compensation Plan. It is my understanding that this information relates not merely to coverage in the Plan, but also encompasses non-workers' compensation coverage, i.e., because the servicing agent for a company under the Workers' Compensation Plan is typically also writing other insurance lines for that company, and because the workers' compensation expiration date is also the renewal date for other lines, it necessarily follows that disclosure of the requested records would arm a competitor with valuable information concerning those customers. The likely showing of substantial competitive injury is apparent.
It is therefore my opinion that the records in question are in all likelihood exempt from public inspection and copying under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The Arkansas Supreme Court's recent holding in Leathers v. W.S. Compton Co., Inc., No. 93-774 (Feb. 14, 1994) does not, in my opinion, compel a departure from this narrow construction of25-19-105(b)(9)(A). A tobacco wholesaler successfully argued in that case that the release of tax information under A.C.A.26-18-303(b)(11) (Supp. 1993) (part of the Arkansas Tax Procedure Act) could confer advantage on a competitor, contrary to26-18-303(b)(11)(Q) which prevents disclosure of information that "would give advantage to competitors or bidders. . . ." The court affirmed the chancellor's ruling that "advantage to competitors" means "any advantage." Leathers, No. 93-774, slip op. at 4. The court rejected the Revenue Commissioner's citation to cases interpreting the FOIA and a revenue regulation requiring a showing of "substantial harm to the taxpayer's competitive position." Id. at 3-4. The court noted that 26-18-303(g)(2) clearly provides that the FOIA is inapplicable to the release of information under 26-18-303(b)(11). It then focused on the plain language of subsection (b)(11)(Q), concluding that "advantage to competitors" means "`any advantage' as it is simply not otherwise limited." Id. at 4.